**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian Esq, (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
Josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Counsel On Signature Page]

*Attorneys for Plaintiff,*
James Nassiri

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAMES NASSIRI, Individually and On Behalf of All Others Similarly Situated,**<br><br>              **Plaintiff,**<br><br>v.<br><br>**GODADDY.COM, LLC,**<br><br>              **Defendant.** | Case No.: 2:14-CV-2141<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C § 227 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

*(left margin, rotated)* **Kazerouni Law Group, APC**
Costa Mesa, California

**CLASS ACTION COMPLAINT FOR DAMAGES**

**Kazerouni Law Group, APC**
Costa Mesa, California

### INTRODUCTION

1. James Nassiri ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of GoDaddy.com, LLC, and its related entities, subsidiaries and agents ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this Complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

///

---

Kazerouni Law Group, APC
Costa Mesa, California

*Id.* at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call..." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5.  As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6.  The Ninth Circuit recently affirmed certification of a TCPA class action similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

## JURISDICTION AND VENUE

7.  This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

8.  Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in the State of California, the harm to Plaintiff occurred in the State of California,

Plaintiff is a resident of the State of California and the County of Los Angeles, and Defendant is subject to personal jurisdiction in the County of Los Angeles and within this judicial district because it conducts business there.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a Delaware limited liability corporation whose primary corporate address is 14455 N. Hayden Rd, Suite 219, Scottsdale, AZ 85260.

11. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

12. Defendant is a domain name registrar and web-hosting provider.

13. Defendant operates in several states, including Arizona, California, Colorado, Iowa, Washington and Washington D.C. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California and in the County of Los Angeles.

## FACTUAL ALLEGATIONS

14. On or about January 15, 2014, Plaintiff visited the website for Defendant at www.godaddy.com. Plaintiff selected one of Defendant's domain name registration products and added it to the online cart for purchasing.

15. During the registration process, Plaintiff provided Plaintiff's business address and email at the request of Defendant.

16. Subsequently thereafter, Plaintiff initiated the checkout process. As part of the check out process, Defendant's website asked if Plaintiff would be interested in receiving text messages from Defendant. Plaintiff indicated that

Kazerouni Law Group, APC
Costa Mesa, California

he was not interested in receiving any text messages from Defendant by checking the "No" icon.

17. On or about January 21, 2014, at approximately 7:45 a.m., Defendant sent a message from telephone number 617-564-8751 to Plaintiff's cellular telephone number ending in 8679 for the purpose of soliciting additional business from Plaintiff. This text message read:

> Jim Nassiri, we provide discounts up to 85% - off of Go Daddy orders. To receive this discounts, reply YES

18. This automated text message was unsolicited by Plaintiff.

19. This text message was sent via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

20. This ADTS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. This ADTS also has the capacity to send text messages to cellular telephone numbers from a list or database of telephone numbers without human intervention.

22. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for each incoming call and text message pursuant to 47 U.S.C. § 227(b)(1).

23. The unsolicited text message constituted a "call" that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

24. The text message from Defendant also constitutes an artificial or prerecorded voice call pursuant to 47 U.S.C. § 227(a)(1).

25. At no time during the process of registering a domain name, using Defendant's website, did Defendant provide a clear disclosure that by using Defendant's domain name registration services that Plaintiff was consenting

Kazerouni Law Group, APC
Costa Mesa, California

to receive text messages (including marketing text messages) from Defendant on Plaintiff's cellular telephone number.

26. Plaintiff did not provide Defendant prior express consent to receive this text message pursuant to 47 U.S.C. § 227(b)(1)(A).

27. The unsolicited text message sent by Defendant or its agent was in violation of 47 U.S.C. § 227(b)(1).

**CLASS ACTION ALLEGATIONS**

28. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

29. Plaintiff represents, and is a member of, the Class, which includes:

> All persons within the United States who are past or present customers of Defendant who received any text message from Defendant or its agent/s and/or employee/s to said person's cellular telephone utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice who had previously informed Defendant that they did not wish to receive text messages from Defendant during the registration process by selecting the "No" icon within the four years prior to the filing of the Complaint.

30. Defendant and its employees or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

31. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the Class members.

32. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

34. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of the Complaint, Defendant sent any text message (other than a text message for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service.

   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation;

   c. Whether the text message from Defendant constitutes an artificial or prerecorded voice pursuant to 47 U.S.C. § 227(b)(1); and

   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

35.   As a person that received at least one text message from Defendant or its agent utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice without Plaintiff' prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

36.   Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

37.   Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

38.   A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, especially since Defendant obtains contact information from its customers such as name, address, email address and telephone number.

39.   Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

Kazerouni Law Group, APC
Costa Mesa, California

40.   Plaintiff anticipates providing notice to the Class by direct mail notice in the form of a post card, internet website, email, and/or other reasonable and appropriate forms of notice.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

41.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

43.   As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44.   Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

45.   Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

46.   The foregoing acts and omissions of Defendant constitute numerous knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

47.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the Class members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every

Kazerouni Law Group, APC
Costa Mesa, California

violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

///

///

Kazerouni Law Group, APC
Costa Mesa, California

**TRIAL BY JURY**

49.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Date: March 20, 2014                     **KAZEROUNI LAW GROUP, APC**

                                         By:  _/s Abbas Kazerounian___
                                              Abbas Kazerounian
                                              *Attorneys for Plaintiff*

**LAW OFFICES OF TODD M. FRIEDMAN, P.C**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*Attorneys For Plaintiff*

Iman Reza, Esq. (SBN: 245094)
ireza@cwlawyers.com
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660
Telephone: (949) 852-1800
Facsimile: (949) 852-8510
*Attorneys For Plaintiff*

*Kazerouni Law Group, APC*
Costa Mesa, California